IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY D. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>LIEUTENANT ROSS, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 04-2409 SI<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT** |

On December 1, 2006, the Court heard argument on defendants' motion for summary judgment. For the reasons set forth below, the Court hereby GRANTS the motion.

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).  In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting

evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

The sole claim remaining in this case is plaintiff's claim that defendants Tuntakit and Roach were deliberately indifferent to his serious medical needs on September 6, 2003. This Court previously denied defendant's motion for summary judgment on this claim, finding "[i]f believed, Williams' version of the events – i.e., a delay of at least an hour or more before medical help was summoned when he complained of severe chest pains – could lead a jury to conclude that defendants were deliberately indifferent to his serious medical needs." August 5, 2005 Order at 15. The Court also held that defendants were not entitled to qualified immunity. *Id.*

Following discovery, defendants have again moved for summary judgment on this claim. Defendants renew many of their previous contentions. While the issues are very close, for the reasons set forth in the Court's August 5, 2005 order, the Court finds there are triable issues of fact regarding whether Tuntakit and Roach were deliberately indifferent to plaintiff's serious medical needs.

However, defendants also raise a new contention that plaintiff did not suffer any legally cognizable harm. The evidence in the record shows that plaintiff did not suffer a heart attack or any physical injury as a result of any delay in receiving medical care. *See generally* Breall Decl. Instead, plaintiff's injury consists of the pain that he suffered during the alleged delay. *See* Pl's Oppo. at 21-23 (contending that plaintiff's chest pains amount to "physical injury"). Defendants argue that the there is no causal connection between any alleged deliberate indifference and plaintiff's pain because during the delay plaintiff medicated himself to no avail with nitroglycerine tablets. Nitroglycerine tablets, plus aspirin and/or Motrin, are the same medication he received when he was treated at the MTA office. Thus, defendants contend, the evidence shows that plaintiff would have suffered the same pain even if

2

he had been treated at the MTA office earlier.

In response to this contention, plaintiff submitted a supplemental declaration stating that once nitroglycerine pills are exposed to their air, they begin to lose their potency. Supp. Williams Decl. ¶ 3. Plaintiff states that the nitroglycerine pills he had in his cell which he took on September 6, 2003 had been open for many months and "were no longer effective and did not relieve my chest pain." *Id*. At the hearing on defendants' motion, defendants objected that plaintiff had not established any basis for his opinion regarding the potency of the nitroglycerine pills that he administered to himself. The Court agrees. Plaintiff's supplemental declaration does not contain any information establishing his competence to opine on the efficacy of the nitroglycerine pills in his cell. Instead, plaintiff's statements are speculative and therefore inadmissible. *See Thornhill Publ'g Co., Inc.*, 594 F.2d at 738. Accordingly, the Court strikes paragraph 3 of plaintiff's supplemental declaration.

A medical need is serious if the failure to treat the prisoner's condition could result in further significant injury or the "'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). When, as here, the prisoner seeks only damages against a defendant, the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). *Leer* explained that "it is important to distinguish the causal connection required when a plaintiff seeks injunctive or declaratory relief as opposed to damages." *Id*.

> When plaintiffs, such as the inmates, seek to hold an individual defendant personally liable for damages, the causation inquiry between the deliberate indifference and the eighth amendment deprivation must be more refined. We must focus on whether the individual defendant was in a position to take steps to avert the [harm], but failed to do so intentionally or with deliberate indifference. . . . [I]n order to prevail and recover damages against any of the named prison officials, the inmates in this case must prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference *was the actual and proximate cause of the deprivation* of the inmates' eighth amendment right to be free from cruel and unusual punishment.

*Id.* at 633-34 (emphasis added).

The Court concludes that plaintiff has failed to raise a triable issue of fact as to whether defendants' alleged indifference was the "actual and proximate cause" of any pain that he felt during the

3

delay in receiving medical treatment. Plaintiff has not submitted any competent evidence showing that if he had received medical treatment sooner, he would not have experienced chest pains. Instead, the evidence shows that plaintiff took nitroglycerine pills while in his cell, and that those pills did not alleviate his pain. Because plaintiff has failed to raise a material issue of fact concerning the requisite causal connection between defendants' actions and the eighth amendment violation, summary judgment is appropriate. *See id.* at 634 (affirming summary judgment in favor of defendants; no causal connection between prison officials' actions and assault on inmates); *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for summary judgment. (Docket No. 92).

**IT IS SO ORDERED.**

Dated: January 10, 2007

SUSAN ILLSTON
United States District Judge