IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS, | No. C 04-2409 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' REQUEST FOR QUALIFIED IMMUNITY** |
| v. | |
| LIEUTENANT ROSS, *et al.*, | |
| Defendants. | |

On March 13, 2009, defendants submitted a letter brief requesting that the Court grant qualified immunity to defendant correctional officers Tuntakit and Roach. Defendants rely on an unpublished Ninth Circuit opinion, *Wayne v. Barowsky,* 175 Fed. Appx. 822 (9th Cir. 2006), which held that under the facts of that case, a one hour delay in getting an inmate nitroglycerin for his heart condition was not sufficient to demonstrate deliberate indifference to medical needs. Defendants contend that this case and *Wayne* have "nearly identical facts" and thus that defendants could have reasonably believed that their conduct did not violate plaintiff's rights.

A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether that right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 129 S.Ct. 808, 815-18 (2009). The inquiry of whether a constitutional right was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition. *Saucier v. Katz,* 533 U.S. 194, 202 (2001). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* If the law did not

put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. *Id*. The Supreme Court has established that deliberate indifference by prison guards in intentionally denying or delaying access to medical care violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

Defendants' reliance on *Wayne v. Barowsky* is misplaced. In *Wayne*, the plaintiff's main contention was that the guards inappropriately kept his heart medication at the deputies' station and caused him to regularly wait 5 to 15 minutes to receive his nitroglycerin. *See Wayne v. Kempthorne,* 2005 WL 1631063, at *3 (D. Idaho July 12, 2005). The plaintiff also alleged that on one occasion, there was a one hour delay in receiving his medication. *Id*. The district court found this isolated occurrence, among dozens of incidences of promptly providing the prisoner with medication, was not sufficient to demonstrate deliberate indifference to a serious medical need. *Id*. The court also noted that guards had called emergency medical personnel on 16 different occasions regarding administration of his medicine. *Id*. On these facts, the Ninth Circuit affirmed. *See Wayne*, 175 Fed. Appx. at 824.

Here, in contrast, plaintiff alleges that he was in severe cardiac distress and requested medical attention. Plaintiff also alleges that the guards knew plaintiff was experiencing actual serious harm and that the substantial risk of heart attack was obvious. Unlike *Wayne*, plaintiff alleges that defendants delayed in getting him medical attention after he clutched his chest and complained of substantial chest pain.

Plaintiff has cited cases in which courts have held similar delays in responding to prisoners exhibiting signs of cardiac distress constitute deliberate indifference. *See Plemmons v. Roberts*, 439 F.3d 818, 825 (8th Cir. 2006) (holding that a 20 minute delay in providing treatment was deliberate indifference because jailers did not acknowledge prisoners' severe symptoms and ignored a history of heart attacks); *Estate of Carter v. Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (finding that a prisoner demonstrating classic signs of a heart attack was sufficient to notify officials that the person needed immediate treatment); *Tlamaka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (finding that a delay of 10 minutes in providing treatment to plaintiff when in severe cardiac distress amounted to deliberate indifference). These cases clearly establish a prisoner's recognized right to prompt medical care when displaying symptoms of cardiac arrest. Under the facts alleged by the plaintiff, a reasonable officer

would have known that his conduct was unlawful, and thus the Court DENIES defendants' request for qualified immunity.

**IT IS SO ORDERED.**

Dated: April 1, 2009

SUSAN ILLSTON
United States District Judge